[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  18-11726
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00077-WSD-JFK-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

DAVEON BRANTLEY,

Defendant – Appellant.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 21, 2019)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Daveon Brantley appeals his 265-month sentence after pleading guilty to: one

count of conspiracy to sex traffic a minor, in violation of 18 U.S.C. § 1594(c); one

count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a); one count of

production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (3); and one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b). He argues that his sentence is substantively unreasonable because his co-defendant received less time, and two other defendants in separate cases who committed similar offenses also received lesser sentences. We disagree and affirm.

We review a sentence for substantive reasonableness under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Even if the district court's sentence is more severe or more lenient than the sentence we would have imposed, we reverse only when the district court "committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

The presentence investigation report ("PSR") calculated a base offense level of 34 under the advisory guidelines. *See* U.S.S.G. § 2G1.3. The district court applied five sentencing enhancements: a two level enhancement because Mr. Brantley unduly influenced a minor to engage in prohibited sexual conduct, under § 2G1.3(b)(2)(B); a two level enhancement because the offense involved the use of a computer, under § 2G1.3(b)(4)(A); a two level enhancement because the offense involved the commission of a sex act, under § 2G1.3(b)(4)(A); a two level

2

enhancement because Mr. Brantley was an organizer, leader, manager, or supervisor, under § 3B1.1(c); and a five level enhancement because Mr. Brantley's offense of conviction was a covered sex crime and Mr. Brantley engaged in a pattern of activity involving prohibited sexual conduct, under § 4B1.5(b)(1).

Mr. Brantley's criminal history was significant. He had previously been convicted of possessing cocaine with the intent to distribute, possessing a firearm during a felony, possessing marijuana with the intent to distribute, and armed robbery. Based on these prior convictions, the PSR established a criminal history category of IV.

The advisory guidelines range, given Mr. Bentley's current offenses and criminal history, was life in prison. The district court ultimately veered downward and sentenced Mr. Brantley to 265 months in prison, 15 years of supervised release, a $400 special assessment, and restitution.

Mr. Brantley argues on appeal that his sentence is substantively unreasonable because his co-defendant was sentenced to only 115 months in prison. He also points to two defendants in other cases who engaged in allegedly similar conduct and who received sentences of 92 months and 205 months. His sentence of 265 months, he argues, violates § 3553(a)(6)'s requirement that the district court "consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The district court properly considered and rejected Mr. Brantley's sentencing-disparity arguments.    Neither Mr. Brantley's co-defendant nor the two other identified defendants are "valid comparator[s] for § 3553(a)(6) purposes" because they did not engage in similar conduct and did not have "similar records." *United States v. Martin*, 455 F.3d 1227, 1241 (11th Cir. 2006).  Mr. Brantley's co-defendant was 20 years old and had no criminal history.  The district court also found his co-defendant less culpable, applying a supervisory enhancement to Mr. Brantley for being the "leader" and noting that his co-defendant was "largely . . . in prison because of your influence over her."  D.E. 101 at 10.  Nor were the two other defendants Mr. Brantley identified similar enough for the purposes of § 3553(a)(6). As the government pointed out at sentencing, those defendants did not engage in the production and distribution of child pornography, their victims were of a different age, and their guideline ranges were significantly lower.  And even if these cases were sufficient comparators, the district court considered all three of these defendants' cases, along with the other § 3553 factors, Mr. Brantley's conduct, and his criminal history.

The district court did not commit clear error of judgment by determining that Mr. Brantley's case warranted a longer sentence and verging downward from the advisory guidelines range of life imprisonment.  Accordingly, we affirm.

**AFFIRMED.**

4